# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MATTHEW COLE, | No. 14-628V |
| | Special Master Christian J. Moran |
| Petitioner, | |
| | Filed: May 13, 2015 |
| v. | |
| | Decision on the record; insufficient |
| SECRETARY OF HEALTH | proof of causation; influenza ("flu") |
| AND HUMAN SERVICES, | vaccine; Guillain-Barré Syndrome |
| | ("GBS"); chronic inflammatory |
| Respondent. | demyelinating polyneuropathy |
| | ("CIDP"). |
* * * * * * * * * * * * * * * * * * * *

Maximillian J. Muller, Muller Brazil, LLP, Philadelphia, PA, for petitioner.
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

    Matthew Cole filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa –10 through 34 (2012), on July 18, 2014. In his petition, Mr. Cole alleged that the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on July 25, 2011, caused him to suffer Guillain-Barré Syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP"). The information in the record, however, does not show entitlement to an award under the Program.

    **I.**   **Procedural History**

    On July 18, 2014, Mr. Cole, filed a petition for compensation alleging that his GBS and CIDP were caused in fact by a flu vaccine he received on July 25,

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

2011.  No medical records were filed with the petition as required by 42 U.S.C. § 300aa—11(c).

From August to December 2014, petitioner periodically filed medical and employment records (exhibits 1 – 9), as well as affidavits (exhibits 10-12), in support of his claim.  Mr. Cole filed his statement of completion on December 2, 2014.

On January 6, 2015, respondent filed a status report on the completeness of Mr. Cole's medical records.  In her report, respondent requested that Mr. Cole had not yet filed a vaccine administration record.  Respondent raised the concern that although Mr. Cole's petition stated that his employer, Union Pacific Railroad, administered the vaccine, it was not likely that the 2011-2012 flu vaccine was available as early as July 25, 2011.  Resp't's Rep., filed Jan. 6, 2015, at 1-2.

A status conference was held on January 14, 2015, to discuss Mr. Cole's efforts to obtain his vaccine administration record.  Mr. Cole reported that he had already taken several steps to locate the record, including subpoenaing his employer and contacting his previous primary care physician.  Additional suggestions for steps were proposed including seeking an affidavit or deposition from the administering nurse.  Order, issued Jan. 14, 2015.

A follow-up status conference was held on February 23, 2015.  During this conference, Mr. Cole reported that he was still considering how to continue his efforts to locate the vaccine administration record such as seeking authorization for another subpoena for the record.  The undersigned suggested that Mr. Cole may want to subpoena the nurse for deposition.  Order, issued Feb 24, 2015.

During a status conference held on April 8, 2015, Mr. Cole announced that he was unable to locate the vaccine administration record and planned to withdraw his case. Mr. Cole moved for a decision dismissing his petition on May 4, 2015.  In his motion, petitioner stated that he "will be unable to prove that his is entitled to compensation in the Vaccine Program" and that "proceed[ing] further would be unreasonable." Pet'r's Mot., filed May 4, 2015, at ¶¶ 1-2.

**II.    Analysis**

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove that they "received avaccine set forth in the Vaccine Injury Table." In addition, petitioners must also establish either 1) that the

vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).

Mr. Cole has been unable to produce evidence that he did, in fact, receive the flu vaccine on or around July 25, 2011. In addition to lacking proof of vaccine administration, the record is otherwise insufficient. Mr. Cole has not established that he suffered a "Table Injury," and he has not provided a medical expert's opinion, or any other persuasive evidence, indicating that his GBS and CIDP were vaccine-caused.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, Mr. Cole has not provided medical records or opinion supporting his claim that he received the flu vaccine, and that vaccine caused his GBS and CIDP. He has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

            s/Christian J. Moran
            Christian J. Moran
            Special Master