# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| MATTHEW COLE, | * | No. 14-628V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Filed: September 14, 2015 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs; reasonable |
| | * | basis; vaccination record |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Maximillian J. Muller</u>, Muller Brazil, LLP, for petitioner;
<u>Jennifer L. Reynaud</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**PUBLISHED DECISION DENYING
MOTION FOR ATTORNEYS' FEES AND COSTS[1]**

Matthew Cole filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012). His petition alleged that he received an influenza ("flu") vaccine injured him. He failed to establish that he actually received the flu vaccine and was denied compensation.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Despite being denied compensation, Mr. Cole filed a motion for an award of attorneys' fees and costs as permitted by the Vaccine Act. The Secretary opposed this motion, arguing that Mr. Cole did not satisfy a prerequisite for being awarded attorneys' fees and costs, namely, a reasonable basis. Mr. Cole has not answered the Secretary's arguments by filing a reply brief. See Vaccine Rule 8(f). Nevertheless, an independent review of the material indicates that Mr. Cole's petition lacked a reasonable basis when filed. Thus, his motion for an award of attorneys' fees and costs is denied.

## **Procedural History**

Activities before Filing the Petition.[2] On January 20, 2014, Mr. Muller's office received a call from Mr. Cole about a potential case. In February and March, Mr. Muller requested, reviewed, and summarized medical records from various doctors.

On April 15, 2014, Mr. Muller discussed "immunization record and Union Pacific records" with Mr. Cole. On that date, Mr. Muller made his first request for documents from Union Pacific. Union Pacific provided documents by early June 2014. On June 4, 2014, Mr. Muller spent nearly six hours either reviewing or summarizing those records. At the end of June 2014 and beginning of July 2014, Mr. Muller had several calls with employees of Union Pacific, including the nurse who allegedly administered the flu vaccine to Mr. Cole.

Starting on July 11, 2014, Mr. Muller began to work on drafting the petition. Mr. Muller submitted the petition for filing on July 16, 2014.

Activities from the Filing of the Petition to the Dismissal of the Case. After the Clerk's Office docketed the case, Mr. Muller did not immediately file the medical records that he had gathered. Instead, Mr. Muller spent time drafting three affidavits, one from Mr. Cole, another from Mr. Cole's wife, and a third from a nurse who cared for Mr. Cole. All affidavits stated that Mr. Cole received a flu vaccine in July 2011. Exhibits 10-12 (filed Dec. 2, 2014).

---

[2] The basis for Mr. Muller's work is the timesheets that were submitted with the motion for attorneys' fees.

Mr. Muller filed the set of medical records on August 19, 2014. Exhibits 1-8. On that date, he also separately filed the relatively lengthy records from Union Pacific as exhibit 9. Mr. Muller also filed a motion for an authorization to subpoena records from Union Pacific. This motion was granted the next day.

By October 2014, Mr. Muller was speaking with the corporate office of Union Pacific about records he had requested via subpoena. On November 7, 2014, Mr. Muller spent 2.6 hours reviewing records from Union Pacific. Mr. Muller did not actually file these records. Thus, it is impossible to determine, based upon the existing record, whether the records produced in response to the subpoena matched the records that had already been produced and filed as exhibit 9.[3]

On December 2, 2014, Mr. Muller filed the three affidavits he had prepared on July 29, 2014. He also filed a statement of completion, representing that he had filed all the relevant medical records.

In a January 6, 2015 status report, the Secretary stated that the materials did not document Mr. Cole's receipt of an influenza vaccination. The Secretary also asserted that the Food and Drug Administration announced the approval of the 2011-12 flu vaccine on July 18, 2015. At the ensuing status conference, Mr. Cole was instructed to develop evidence that he received the flu vaccine.

Mr. Muller's timesheets reflect efforts to gather additional evidence. This work did not come to fruition. Mr. Cole filed a motion for a voluntary dismissal on May 4, 2015. This motion was granted. Cole v. Sec'y of Health & Human Servs., No. 14-628V, 2015 WL 3745616 (Fed. Cl. May 13, 2015). This action concluded the merits phase of Mr. Cole's case.

Activities relating to Attorneys' Fees and Costs. On June 9, 2015, Mr. Cole filed a motion for an award of attorneys' fees and costs. His motion did not include any argument addressing Mr. Cole's eligibility for an award of attorneys' fees and costs.

---

[3] The Secretary asserted that during a January 14, 2015 status conference, "Petitioner's counsel advised that Union Pacific did not provide any additional records in response to the subpoena." The undersigned has no independent recollection of this statement.

The Secretary filed an opposition to the motion. The Secretary argued that Mr. Cole's petition was not supported by a reasonable basis. The Secretary emphasized the importance of establishing the receipt of a vaccination and the lack of investigation before filing the petition:

> Receipt of a vaccine listed on the Vaccine Injury Table is necessarily the foundational building block of each and every Program case. It represents the starting point in the information a petitioner must adduce in his or her petition. While an actual vaccine receipt record represents the best of evidence that a vaccine was administered on a particular date, petitioner is on notice at the outset that he or she is required to provide sufficient evidence to satisfy the statutory requirement that he or she actually received a covered vaccine. Before filing a petition in the Vaccine Program, it is incumbent upon petitioner's counsel to ensure that such evidence exists and is provided with the petition, or at least is capable of being provided at some point during the pendency of the proceeding. In this case, it appears that counsel failed to secure that evidence. Regrettably, it appears that he failed to appropriately investigate the matter prior to filing the petition. Accordingly, without the evidence to prove that his client received a covered vaccine, petitioner's counsel should not have filed this case in the first instance. He now must bear the consequence for failing to conduct the appropriate pre-filing inquiry.

Resp't's Resp., filed July 31, 2015, at 5.

Vaccine Rule 20(b)(2) permits a moving party to file a reply "within 7 days after service of the response or objection." This time has lapsed without Mr. Cole presenting any argument regarding reasonable basis.

## **Standards for Adjudication**

Given the lack of reply from Mr. Cole, an extensive discourse on the eligibility for attorneys' fees and costs in Vaccine Program is not necessary. A detailed presentation can be found in Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *14 (Fed. Cl. Spec. Mstr. Oct. 25, 2013), mot. for rev. denied, 116 Fed. Cl. 276, 287 (2014). Distilled to the essence, a petitioner satisfies the reasonable basis standard by presenting some evidence that supports the claim asserted in the petition.

## Analysis

Here, Mr. Cole's claim is that he received the flu vaccine from Union Pacific on July 25, 2011. Pet. ¶ 3. However, at the time of filing, there was no evidence to support this allegation.

Moreover, evidence that Mr. Muller possessed before filing the petition called into question the accuracy of the assertion that Mr. Cole received the flu vaccination. Mr. Muller reviewed the Union Pacific records, but they did not document a vaccination. In addition, Mr. Muller had already gathered records from other medical providers. The Secretary asserted that none of the medical records filed as exhibits 1-8 mention that Mr. Cole received a vaccination, see Resp't's Status Rep., filed Jan. 6, 2015, and Mr. Cole has not identified any record to the contrary.[4]

Mr. Cole submitted three affidavits in support of his petition. Two affidavits, the one from his wife and the one from his home care nurse, state that Mr. Cole told the affiant that he received the flu vaccine. Exhibits 10, 12. Although these statements have some evidentiary value, they ultimately depend upon Mr. Cole's own recollection. Neither Mr. Cole's wife nor his home care nurse witnessed his vaccination.

The third affidavit comes from Mr. Cole. Exhibit 11. His affidavit, too, has some evidentiary value as it contains a direct statement (as opposed to a hearsay statement) that he received the flu vaccine. However, the statement of a petitioner that he received a covered vaccine does not establish the accuracy of the assertion especially in a context in which the medical records do not contain any corroboration of the statement. As explained above, Mr. Muller knew or should have known that the Union Pacific records, which Mr. Muller had obtained before filing the petition, did not support Mr. Cole's assertion, and, therefore, further investigation was warranted.

---

[4] The fact that the Food and Drug Administration approved the flu vaccine on July 18, 2011, contributes almost nothing to the analysis in this case because the Secretary has not identified any basis for finding that Mr. Muller should have known to search for the date the flu vaccine became available in 2011.

The lack of documentation supporting Mr. Cole's alleged receipt of vaccination makes his case similar to other cases in which petitioners did not establish the vaccination. In those cases, special masters have found that the petition lacked a reasonable basis and declined to award attorneys' fees. See, e.g., Cortez v. Sec'y of Health & Human Servs., No. 09-176V, 2014 WL 1604002 at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014) (citing cases). Although the Secretary cited Cortez, Mr. Cole made no attempt to distinguish his case.[5]

For these reasons, Mr. Cole has not established "a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa–15(e). This showing is a condition for an award of attorneys' fees and costs to a non-prevailing party. Without this showing, Mr. Cole is not eligible for an award of attorneys' fees and costs.[6]

## Conclusion

Mr. Cole's motion for attorneys' fees and costs is DENIED.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[5] It also bears noting that Mr. Cole has not argued that the press of the statute of limitations compelled Mr. Muller to file the case before he fully investigated it. Because Mr. Cole has not raised this argument, it is not addressed in this decision.

[6] Given this outcome, there is no reason to determine whether the requested amount of attorneys' fees and costs is reasonable.